UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

LUIS MIGUEL TORRES VILLAVICENCIO,

        Petitioner,

   v.

KAISER, et al.,

        Respondents.

No. 1:26-cv-00343-WBS-JDP

MEMORANDUM AND ORDER

----oo0oo----

Petitioner, a citizen and native of Peru, entered the United States unlawfully and was taken into custody by Department of Homeland Security ("DHS") officials on June 10, 2022. (Docket No. 2 at 3.)  Approximately two days later, he was released on parole. (Id.)  Petitioner's parole requirements included, among other things, timely completing a monthly check-in process facilitated via mobile application.  (Id.)  Nowhere does petitioner allege that his presence in the United States is

1

lawful.[1]

Petitioner admits that he violated the conditions of his parole on four occasions by failing to timely complete his monthly check-ins.  (Id. at 4.)  He alleges that when he appeared for a routine Immigration and Customs Enforcement ("ICE") check-in on October 21, 2025, as instructed, he was arrested and taken into custody.  (Id. at 4-5.)  At the time of his arrest, ICE officers informed petitioner that the reason for his arrest was his "noncompliance" with the conditions of his parole.  (Id. at 5.)  Since being re-arrested and detained, petitioner has had two bond hearings before immigration judges, "both of which were denied for lack of jurisdiction."  (Id.)

On January 16, 2026, petitioner filed the instant motion for temporary restraining order seeking immediate release from custody on the grounds that his detention violates the procedural and substantive protections conferred by the Due Process Clause as well as the Fourth Amendment and the Administrative Procedure Act.

"The standard for a [temporary restraining order] is the same as for a preliminary injunction."  Rovio Entm't Ltd. v. Royal Plush Toys, Inc., 907 F. Supp. 2d 1086, 1092 (N.D. Cal. 2012) (citing Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001)).  Typically, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer

---

[1]    Parole does not constitute lawful admission to the United States.  See 8 U.S.C. § 1182(d)(5)(A).

2

irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). The last two factors "merge when the Government is the opposing party." Nken v. Holder, 556 U.S. 418, 435 (2009).

A petitioner's "long delay" in seeking injunctive relief "implies a lack of urgency and irreparable harm." See Oakland Trib., Inc. v. Chron. Pub. Co., 762 F.2d 1374, 1377 (9th Cir. 1985). Courts within this circuit have found that delays in seeking temporary restraining orders far shorter than petitioner's nearly three-month delay to "counsel[] against a finding of irreparable harm." Oregon Nat. Desert Ass'n v. Bushue, 594 F. Supp. 3d 1259, 1266 (D. Or. 2022) (two-month delay); see also, e.g., Dahl v. Swift Distrib., Inc., No. 10-cv-0551 SJO RZx, 2010 WL 1458957, at *4 (C.D. Cal. April 1, 2010) (eighteen-day delay); Sanchez v. Sanchez, No. 10-cv-1628 JLS RBB, 2010 WL 4790179, at *5 (S.D. Cal. Nov. 17, 2010) (twenty-six-day delay).

Here, petitioner waited nearly three months after he was detained before requesting this court to order relief. Petitioner's untimely filing is fatal to his motion for temporary restraining order. That petitioner leaves this delay "unexplained" only bolsters this conclusion. See Lee v. Haj, No. 1:16-cv-00008 DAD SAB, 2016 WL 8738428, at *2 (E.D. Cal. Feb. 22, 2016) ("[U]nexplained delays . . . militate against a finding of irreparable harm and against the issuance of a temporary

restraining order.").

For the above reasons, petitioner has failed to demonstrate the existence of irreparable harm.  Therefore, the court "need not consider the other [preliminary injunction] factors."  See California v. Azar, 911 F.3d 558, 575 (9th Cir. 2018).

IT IS THEREFORE ORDERED that petitioner's motion for a temporary restraining order (Docket No. 3) be, and the same hereby is, DENIED.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262, the case is referred to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: January 19, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE